IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT GARZA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-926 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant, Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Robert Garza v. Allied Property and Casualty Insurance Company*; Cause No. 2016CI14236, in the 57th Judicial District of Bexar County, Texas.

## I.
## INTRODUCTION AND BACKGROUND

1.      This first-party insurance lawsuit arises out of a claim for uninsured/underinsured ("UIM") motorist benefits by Plaintiff Robert Garza under a business auto policy ("the Policy") issued by Allied to Top Notch Electric Inc.[1]  Plaintiff has demanded the Policy's UIM limit — one million dollars — to settle the claim.[2]  Because the parties are wholly diverse and because the amount in controversy indisputably exceeds the minimum jurisdictional limit for this court, this cause is hereby removed.

2.      Plaintiff Robert Garza initiated the present action by filing his Original Petition in Cause No. 2016CI14236, in the 57th Judicial District of Bexar County, Texas on August 23, 2016

---

[1]      Exhibit A, Plaintiff's Original Petition.

[2]      Exhibit B, Demand letter dated February 26, 2016.

(the "State Court Action").[3]  Defendant appeared and answered on September 16, 2016, asserting

a general denial to the claims and allegations made in Plaintiff's Original Petition.[4]

3.      Pursuant to 28 USC § 1446(a) and Local Rule 81, all a copy of all process,

pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically

identified as separate exhibits has been requested and will be filed with this Court immediately

upon receipt from the clerk of the state court.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal,

Defendant will give written notice of the removal to Plaintiff through his attorney of record, and

to the clerk of the 57th Judicial District of Bexar County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been

timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than

one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter

is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of

interest and costs.

## A.     Diversity of Parties

7.      Plaintiff is domiciled in Bexar County, Texas. [5] Pursuant to 28 U.S.C. § 1332(a),

therefore, Plaintiff is a citizen of the State of Texas.

---

[3]      Exhibit A, Plaintiff's Original Petition.

[4]      Exhibit C, Allied's Original Answer.

[5]      Exhibit A, Plaintiff's Original Petition, at ¶ 2.

8.      Allied Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Ohio.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.      Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure, which requires a plaintiff's initial pleading to include a statement that elects one of a pre-determined set of ranges of damages.  However, in a first-party insurance case, district courts frequently look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[6]

11.      In a letter dated February 26, 2016, Plaintiff made a pre-suit demand of "POLICY LIMITS[.]"[7]  In his Original Petition, Plaintiff alleged the applicable limits to be one million dollars.[8]

12.      Taken together, Plaintiff's demand and pleading clearly demonstrate that the amount in controversy in this suit exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

13.      Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[6]      *See Villarreal v. State Farm Lloyds*, Civ. No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[7]      Exhibit B, Demand letter.

[8]      Exhibit A, Plaintiff's Original Petition, at ¶ 9.

14.    WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert R. Russell
Texas Bar No. 24056246
rrussell@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 16th day of September, 2016 to:

Thomas J. Henry                              ***7196 9008 9111 1861 6161***
Phillip Ripper
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
pripper-svc@thomasjhenrylaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp

4