# Exhibit A



# Notice of Service of Process

NJH / ALL
Transmittal Number: 15564450
Date Processed: 08/29/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property and Casualty Insurance Company |
| **Title of Action:** | Robert Garza vs. Allied Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2016CI14236 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/29/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Law Offices of Thomas J. Henry<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscglobal.com

PRIVATE PROCESS

Case Number: 2016-CI-14236

**ROBERT GARZA**
**VS.**
**ALLIED PROPERTY AND CASUALTY INSURANCE**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY
BY SERVING CORPORATION SERVICE COMPANY

_server's signature_   SCH10833 exp. 03/31/17

Date/Time Delivered: August 29, 2016  9:00AM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 25TH DAY OF AUGUST A.D., 2016.

PETITION

PHILLIP C RIPPER
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: _Olivia Cruz_, Deputy

**OFFICER'S RETURN**

I received this citation on _____ at _____ o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____
OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____,_____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant          ORIGINAL (DK002)

FILED
8/23/2016 4:15:56 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

CITPPS W/JD SAC3

CAUSE NO. **2016CI14236**

| | | |
|---|---|---|
| **ROBERT GARZA,** § | | IN THE DISTRICT COURT |
| *Plaintiff* § | | |
| § | | |
| V. § | | **57** JUDICIAL DISTRICT |
| § | | |
| **ALLIED PROPERTY AND** § | | |
| **CASUALTY INSURANCE** § | | |
| **COMPANY,** § | | |
| *Defendant* § | | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Robert Garza** ("Plaintiff") and complains of Defendant **Allied Property and Casualty Insurance Company** ("Defendant"), and for cause of action would respectfully show unto the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.
PARTIES**

2. Plaintiff is an individual residing in Bexar County, San Antonio Texas.

3. Defendant **Allied Property and Casualty Insurance Company** ("Allied Property") is an insurance company doing business in Texas and may be served with process through its attorney for service, Corporation Service Company, located 211 E. 7th St., Ste 620, Austin, TX 78701-3218.

## III.
## JURISDICTION & VENUE

4.  Venue is proper in Bexar County pursuant to Texas Civil Prac. & Rem. Code § 15.002(a)(1) and 15.032, and pursuant to Texas Bus. & Com. Code § 17.56, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county occurred in Bexar, County, Texas.

5.  This Court has jurisdiction over the parties named herein because the Defendant is a resident and citizen of the State of Texas and conducts or does business in the State of Texas. Further, this Court has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## CONDITIONS PRECEDENT

6.  All conditions precedent to recovery have been performed or have occurred.

## V.
## FACTS

7.  This is a suit to recover damages arising from Defendant Allied Property's unfair refusal to pay insurance benefits pursuant to the policy of automobile insurance sold to the Top Notch Electric Inc., who was Plaintiff's employer at the time of the incident. Specifically, Defendant refused to pay Plaintiff's claim under the Uninsured Motorist provisions of the policy, even though Plaintiff was covered under the policy as an employee for Top Notch Electric, Inc. Plaintiff seeks relief under the common law, the DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT (DTPA), and the TEXAS INSURANCE CODE.

8.  On April 9, 2013, Plaintiff Robert Garza was a passenger in a company vehicle being operated by Enrique Ruben Garza in San Antonio, Bexar County, Texas when suddenly,

violently, and without warning, the vehicle was struck by an adverse driver, who subsequently fled the scene without providing information. As a result of the accident, Plaintiff sustained severe and permanent injuries to various parts of his body. Plaintiff subsequently pursued a claim against the driver that fled the scene, believed to be Sean Daniel Quinn. However, Mr. Quinn's insurance denied the claim due to non-cooperation.

At the time of the incident, Plaintiff Garza was an employee for Top Notch Electric, In.. Plaintiff was in the course and scope of employment with Top Notch Electric, Inc. when the incident occurred. As such, Plaintiff Garza was covered under the insurance policy provided through Defendant Allied Property. Indeed, Defendant Allied Property accepted Plaintiff's underinsured insurance claim. However, Defendant Allied Property subsequently refused to fairly pay Plaintiff's claim under the Underinsured Motorist provisions of the policy.

9. Prior to December 29, 2014, Defendant Allied Property issued to its insured, **Top Notch Electric,** a policy of insurance insuring protection against loss caused by bodily injury from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle of employees for Top Notch Electric and that such policy was number 78 42 PE 088254 04092013 51 and the underinsured policy limits are $1,000,000.00. This policy was in full force and effect on April 9, 2013.

## VI.
### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

10. There was a valid and enforceable contract, an automobile insurance policy issued under number 78 42 PE 088254 04092013 51, between Top Notch Electric, Inc. and Defendant Allied Property. As such, Plaintiff was covered under this policy as an employee at the time of the incident working for Top Notch Electric, Inc. Plaintiff and Defendant were in privity of the

contract. Further, Plaintiff performed his obligations under the contract when Top Notch Electric tendered performance in the form of consideration for the insurance policy, and paid policy premiums. Defendant Allied Property breached its obligations under the insurance policy and contract when it failed to tender the policy limits to cover Plaintiff Robert Garza's injuries, as promised and warranted in the policy. Defendant Allied Property also breached the contract after Plaintiff tendered good and valid consideration for the policy and after Plaintiff performed his contractual obligations, Defendant failed to perform under said contract. Finally, Defendant breach of contract caused Plaintiff's damages.

## VII.
## SECOND CAUSE OF ACTION
## UNFAIR INSURANCE PRACTICES

11. Defendant Allied Property is guilty of unfair insurance practices in violation of CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiff's actual damages.

## VIII.
## THIRD CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

12. Defendant Allied Property has breached their duty of good faith and fair dealing by:

    (a) failing to pay Plaintiff's claims without any reasonable basis;

    (b) by failing to conduct a reasonable investigation of Plaintiff's claim;

    (c) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage;

    (d) Not attempting to effect a prompt, fair, and equitable settlement of Plaintiff's claim once liability became reasonably clear;

(e) Not promptly giving Plaintiff a reasonable explanation for its denial of their claim;

(f) Not affirming or denying coverage within a reasonable amount of time; and

(g) By failing to effect prompt resolution of Plaintiff's claim. Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.

## IX.
## FOURTH CAUSE OF ACTION
## TEXAS DECEPTIVE TRADE PRACTICES ACT

13. Defendant Allied Property is liable because their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant violated the DTPA in one or more of the following aspects:

a. Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

b. Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

c. Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

d. Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23); and

e. Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

## X.
## FIFTH CAUSE OF ACTION
## FRAUD

14.     Defendant Allied Property committed fraud against the Plaintiff by making false misrepresentations regarding the coverage which Top Notch Electric was paying premiums for employees such as Plaintiff Garza in return for insurance benefits.

## XI.
## DAMAGES

15.     Defendant's conduct was committed knowingly. Accordingly, Defendant is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1). Plaintiff is also entitled to an additional two times the first $1,000 in actual damages, as provided by TEX. BUS. & COMM. CODE § 17.50 (b)(1).

16.     Defendant acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing; therefore, Defendant Allied Property is liable for exemplary damages.

17.     Additionally, Plaintiff is also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant's refusal to pay the claim.

18.     As a result, the damages sought are within the jurisdictional limits of the Court.

## XII.
## ATTORNEY'S FEES

19.   Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Ann § 38.001 (8); Tex. Ins. Code §542.060; and DTPA § 17.50.

## XIII.
## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XIV.
## REQUEST FOR DISCLOSURE

21. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## XV.
## NOTICE OF SELF-AUTHENTICATION

22. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that he recover from Defendant actual damages, additional statutory damages under the DTPA, exemplary damages, statutory penalties, pre-judgment interest, post judgment interest, attorney's fees, costs and such other relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

LAW OFFICES OF THOMAS J. HENRY

521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: /s/ Phillip Ripper
Thomas J. Henry
SBN: 09484210
Phillip Ripper
SBN: 24085866
pripper-svc@thomasjhenrylaw.com

ATTORNEYS FOR PLAINTIFF

*service by email to this address only