IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT GARZA<br>　　*Plaintiff,*<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY<br>　　*Defendant.* | §<br>§<br>§<br>§  CIVIL ACTION NO. 5:16-cv-926-DAE<br>§<br>§<br>§<br>§ |

### DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S UNOPPOSED MOTION FOR RECONSIDERATION OF THE DENIAL OF ITS UNOPPOSED MOTION FOR SEPARATE TRIALS AND ABATEMENT

Defendant Allied Property and Casualty Insurance Company ("Allied") hereby moves the Court to reconsider its order (Dkt. # 7) denying Allied's prior motion seeking separate trials and an abatement in this Uninsured/Underinsured Motorist ("UIM") suit (Dkt. # 5). The parties have conferred through counsel regarding this Motion for Reconsideration, and Plaintiff is unopposed to the relief requested herein. In support thereof, Allied would respectfully show as follows:

### I. ARGUMENT AND AUTHORITIES

1. As a preliminary matter, the Court correctly notes that the first paragraph of Allied's motion for separate trials refers to Plaintiff being "unopposed in part" to the relief requested. (Dkt. # 5, introductory paragraph.) This was a drafting error that escaped Allied's notice until the Court pointed it out. As stated in the Parties' Joint Rule 26(f) Report and Discovery Plan, Plaintiff's counsel stated that Plaintiff would not oppose a motion for separate trials and an abatement of all issues unrelated to fault and damages. (Dkt. # 3 at ¶ 2.) Defendant was unopposed to Allied's motion in its entirety, and not opposed in part and unopposed in part.

2.	The Court's opinion focuses on a footnote in *Karam v. Nationwide Gen. Ins. Co.*[1] that states:

> This result [avoiding prejudice to the insurer] may be achieved by simply ordering the proof at a single trial. In this procedure, the contractual claim would be submitted to the jury first and a verdict received on that claim. Then evidence on the remaining claims would be presented to the same jury and a verdict received on those claims.[2]

Agreeing with this reasoning, the Court determined that this case should proceed to a single trial before a single jury, with the predicate question of liability and damages submitted first and the remaining extra-contractual claims submitted second. (Dkt. # 7 at pp. 2-3.)

3.	*Karam*, however, pre-dates a line of cases from Texas state courts that directly address whether submission of claims consecutively to a single jury — called "bifurcation" in Texas jurisprudence[3] — is an appropriate procedural remedy for the unique posture of a UIM lawsuit. The overwhelming consensus is that it is not, and that a court's order of bifurcation in lieu of severance is an abuse of discretion.[4]

---

[1]  No. 3:99-CV-2047, 1999 WL 1240791(N.D. Tex. Dec. 20, 1999) (Fish, J.)

[2]  *Id.*, 1999 WL 1240791 at *2, n. 2.

[3]  *Transp. Ins. Co. v. Moriel*, 879 S.W. 10, 30 (Tex. 1994) (describing bifurcation in the context of a punitive damages case).

[4]  *In re Geico Advantage Ins. Co.*, No. 05-16-01249-CV, 2016 WL 7163943 at *2 (Tex. App.—Dallas Dec. 1, 2016, orig. proceeding); *In re AAA Texas County Mutual Ins. Co.*, No. 12-15-00277-CV, 2016 WL 4395817 at *2-*4 (Tex. App.—Tyler August 18, 2016, orig. proceeding); *In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13–11–00412–CV, 2012 WL 506570 at *4-*5 (Tex. App.—Corpus Christi Feb.16, 2012, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d 250, 255-57 (Tex. App.—San Antonio 2010, orig. proceeding); *In re Allstate County Mutual Ins. Co.*, 209 S.W.3d 742, 745-46 (Tex. App.—Tyler 2006, orig. proceeding). But see *In re Allstate Ins. Co.*, No. 06-05-00051-CV, 2005 WL 1114640 at * (Tex. App.—Texarkana May 12, 20015, orig. proceeding) (bifurcation within trial court's discretion where specific settlement offer not identified); *In re State Auto Prop. & Cas. Ins. Co.*, 348 S.W.3d 499, 501 (Tex. App.—Dallas 2011, orig. proceeding) (mandamus relief not warranted where trial court denied motion to sever but ordered that all discovery on extra-contractual claims was stayed and that claims would be resolved by separate trials with separate juries, and only distinction was

4.     This is so because in a UIM case, policy benefits are not owed until the claimant establishes the liability and underinsured status of the other motorist.[5]  A UIM insurer "should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits."[6]

5.     Further, where, as here, a plaintiff accompanies breach of contract claims and extra-contractual claims against an insurer, and a settlement offer has been made,[7] Texas courts uniformly require severance and abatement.[8]

6.     Federal courts look to Texas courts for guidance regarding requests for separate trials in this context.[9]  The footnote in *Karam* that forms the basis of this Court's denial of Allied's motion to sever and abate was written without the benefit of the numerous more recent Texas state court decisions in this area.  Allied urges the Court to consider these additional

---

that severance would physically separate claims into separate file with separate cause number with additional filing fee).

[5]   *In re United Fire Lloyds*, 327 S.W.3d at 256.

[6]   *Id.*

[7]   See Exhibit A, e-mail exchange between Allied claims personnel and Plaintiff's counsel concerning settlement offer, with amount of offer redacted.

[8]   *In re Allstate Prop. and Cas. Ins. Co.*, 2007 WL 1574964 at *1 (Tex. App.—Fort Worth May 30 2007) (orig. proceeding), citing *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996, orig. proceeding); *In re Miller*, 202 S.W.3d 922, 926 (Tex. App.—Tyler 2006, orig. proceeding); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Progressive County Mut. Ins. Co.*, No. 09-07-00011-CV, 2007 WL 416553, at *1-2 (Tex. App.—Beaumont Feb.8, 2007, orig. proceeding) (mem. op.); In re Maryland Cas. Co., No. 04-06-00413-CV, 2006 WL 2135052, at *1-2 (Tex. App.—San Antonio Aug. 2, 2006, orig. proceeding) (mem. op.); *In re Allstate Tex. Lloyd's*, No. 14-05-00762-CV, 2005 WL 2277134, at *4 (Tex. App.—Houston [14th Dist.] Sept. 2, 2005, orig. proceeding) (mem. op.).

[9]   *Karam*, 1999 WL 1240791 at *1; *see also, e.g., Cano v. State Farm Lloyds*, Civ. No. 3:14-CV-2720-L, 2015 WL 11120874 at *2 (N.D. Tex. August 21, 2015).

authorities, withdraw its prior order, and enter a new order granting separate trials and an abatement of Plaintiff's extra-contractual claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Allied Property and Casualty Insurance Company respectfully prays that the Court grant this unopposed motion, withdraw its Order Denying Motion for Separate Trials and Abatement (Dkt. # 7) and enter a new order granting Allied's prior Motion for Separate Trials and Abatement (Dkt. # 5).

        Respectfully submitted,

        */s/ Patrick M. Kemp*
        Patrick M. Kemp
        Texas Bar No. 24043751
        pkemp@smsm.com
        Robert R. Russell
        Texas Bar No. 24056246
        rrussell@smsm.com
        Segal McCambridge Singer & Mahoney
        100 Congress Avenue, Suite 800
        Austin, Texas 78701
        (512) 476-7834
        (512) 476-7832 - Facsimile

        **ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 27th day of April, 2017 to:

Thomas J. Henry
Phillip Ripper
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401

        */s/ Patrick M. Kemp*
        Patrick M. Kemp